**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LISA LONGSTREET,** | ) | **CASE NO. 1:05 CV 1749** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **STATE OF OHIO, INDUSTRIAL** | ) | **AND ORDER** |
| **COMMISSION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court are the following two motions to dismiss:

(1) Motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) filed by Defendants State of Ohio Industrial Commission ("OIC") and James Augusta (**ECF No. 3**); and

(2) Motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or to dismiss for improper venue pursuant to Rule 12(b)(3), or to transfer to United States District Court for the Southern District of Ohio pursuant to 28 U.S.C.

-1-

§ 1404(a), filed by Defendant Ohio Public Employees Retirement System ("OPERS") (**ECF No. 5**) ("OPERS Motion").

For the reasons that follow, the Motions are both **GRANTED** and the case is hereby dismissed without prejudice pursuant to Rule 12(b)(6).

## I. FACTS

Plaintiff Lisa Longstreet began working for the OIC in November 1993.[1] On or about February 28, 2001, she was placed on disability leave due to uncontrolled seizures. In January and March of 2003, Plaintiff had two brain surgeries to control the seizures. In May 2003, Plaintiff informed Defendants that her neurosurgeon permitted her to return to work as of May 27, 2003. Defendants, however, refused to allow Plaintiff to return to work until she had been evaluated by their own physician. Plaintiff complied with this request and was examined by Defendants' physician on or about June 16, 2003. Defendants' physician concluded that Plaintiff could return to work as long as she did not experience any seizures for a period of six months after her surgery. Under these terms, Plaintiff should have been reinstated in September 2003. However, Defendants refused to reinstate Plaintiff based on their belief that she was disabled. Despite Plaintiff's repeated efforts to return to work, she was not timely reinstated.

In March 2004, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that the OIC and OPERS (the office responsible for administering disability benefits to Ohio public employees) engaged in conduct in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

---

[1] All facts are taken from the Complaint. For purposes of the motion to dismiss, these facts are recounted in a light most favorable to Plaintiff and are accepted as true. *Midkiff v. Adams County Reg'l Water Dist.,* 409 F.3d 758, 762 (6th Cir. 2005).

§ 12111 *et seq*. The EEOC found reason to believe that OPERS engaged in disability discrimination by preventing Plaintiff from returning to work, and notified Plaintiff of her right to sue OPERS under Title I of the ADA. The EEOC similarly permitted Plaintiff to commence a civil action against the OIC.[2]

On July 11, 2005, Plaintiff filed a Complaint in this Court for declaratory, injunctive and monetary relief against the OIC, OPERS, and her direct supervisor James Augusta. *ECF No. 1, Complaint, (*"Compl."). The Complaint alleges claims of disability discrimination, perceived disability discrimination and failure to provide a reasonable accommodation pursuant to Title I of the ADA, the Ohio anti-discrimination statute, Ohio Rev. Code Ann. § 4112.01 *et seq.,* and Ohio public policy.

Defendants OIC and James Augusta filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). *ECF No. 3*. Shortly thereafter, Defendant OPERS filed a motion requesting the Court to dismiss the case pursuant to Rule 12(b)(6), or to dismiss the case for improper venue, or to transfer the case to the Southern District of Ohio. *ECF No. 5*. Plaintiff filed a single response brief in opposition to both Motions, *ECF No. 9,* ("Response"), and the defendants filed reply briefs, *ECF Nos. 10, 11*.

## II. LAW

In determining whether a complaint states a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint liberally in a light most favorable to the non-moving party, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), and accept as true the

---

[2]Attached to the Complaint is a letter from the EEOC notifying Plaintiff of her right to sue OPERS. *ECF No. 1, Complaint,* ("Compl."), *Exh. 3,* at 1. Plaintiff does not attach a similar letter regarding the OIC, but alleges that she received such a letter from the EEOC. *Compl.* ¶ 21.

factual allegations contained in the pleading. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). "While dismissal for failure to state a claim is disfavored, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), the requirement that the court liberally construe a claim when considering a Rule 12(b)(6) dismissal 'does not relieve a plaintiff of his obligation to . . . allege more than bare assertions of legal conclusions.'" *Harris v. Am. Postal Workers Union,* No. 98-1734, 1999 WL 993882, at *4 (6th Cir. Oct. 19, 1999) (quoting *Lewis v. ACB Bus. Serv. Inc.,* 135 F.3d 389, 406 (6th Cir. 1998)). In considering a Rule 12(b)(6) motion, the Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983). A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Weiner,* 108 F.3d at 87-88 (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch*, 156 F.3d at 677 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### III. ANALYSIS

**A. Title I claims against the OIC and James Augusta**

Plaintiff's Title I claims against the OIC are barred by the Eleventh Amendment. *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 374 n.9 (2001) (holding that the Eleventh Amendment bars suits against states in federal court for money damages under Title I of the ADA); *Lawson v. Shelby County,* 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a "state" in federal court whether for injunctive, declaratory

or monetary relief"). Under the *Ex Parte Young,* 209 U.S. 123 (1908) exception, a plaintiff may sue a state *official* in federal court for prospective non-monetary relief to remedy a continuing violation of federal law. *Lawson,* 211 F.3d at 335; *Carton v. Kent State Univ.,* 282 F.3d 391, 395 (6th Cir. 2002). Here, Plaintiff requests equitable relief to prevent her injury from reoccurring, *Response,* at 2, but concedes that she has returned to work with the OIC. Accordingly, there is no ongoing violation of federal law and Plaintiff's request for prospective equitable relief is moot. *See Whalen v. Mass. Trial Court,* 397 F.3d 19, 30 (1st Cir. 2005).

**B. State law claims against the OIC and James Augusta**

Plaintiff cannot bring her state law claims against the OIC in this Court because the State of Ohio has consented to suit only in the Ohio Court of Claims. *See* OHIO REV. CODE ANN. § 2743.02(A)(1); *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946, 951 (6th Cir. 1987); *Ferrari v. Woodside Receiving Hosp.,* No. 86-3071, 1987 WL 44540, at *1 (6th Cir. Aug. 24, 1987).

With a few exceptions, a state employee (such as Mr. Augusta) is immune from liability in any civil action that arises under Ohio law for damage or injury caused in the performance of his duties, unless his actions "were manifestly outside the scope of his employment or official responsibilities" or he "acted with malicious purpose, in bad faith, or in a wanton or reckless manner."[3] OHIO REV. CODE ANN. § 9.86. *See also Scot Lad Foods, Inc. v.*

---

[3]Section 9.86 of the Ohio Revised Code provides:

> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or

*Sec'y of State,* 418 N.E.2d 1368, 1374 (Ohio 1981). A state official, however, cannot be sued unless and until the Court of Claims has determined that he is not entitled to immunity. OHIO REV. CODE ANN. § 2743.02(F); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989); *Johns v Univ. of Cincinnati Med. Assoc., Inc.,* 804 N.E.2d 19, 24 (Ohio 2004) (holding that the Court of Claims is the only Court with the power to make this immunity determination).

### C. Federal and state law claims against OPERS

Plaintiff argues that OPERS is an agent of the OIC and thus functions as an "employer" for purposes of the instant action. Specifically, Plaintiff argues that OPERS was responsible for deciding whether Plaintiff could return to work, and "was acting directly on behalf of [the OIC] by denying Plaintiff the right to return to work." *Response,* at 3-4. OPERS states that it is not in an employment relationship with Plaintiff, and therefore cannot be subject to Plaintiff's claims of employment discrimination. *OPERS Motion,* at 4-5.

The Sixth Circuit has applied a common law agency analysis to determine what constitutes an employer-employee relationship under the ADA. *Johnson v. City of Saline,* 151 F.3d 564, 567-68 (6th Cir. 1998). The Court must consider the entire relationship, especially the "[alleged] employer's ability to control job performance and employment opportunities of the

---

> official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
>
> This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743. of the Revised Code.

aggrieved individual." *Id.* at 568 (citation omitted). Under Ohio law, the term "employer" includes "any person acting directly or indirectly in the interest of an employer." OHIO REV. CODE ANN. § 4112.01(A)(2). The Ohio Supreme Court has liberally construed this definition to include individual supervisors and managers. *Genaro v. Cent. Transp., Inc.,* 703 N.E.2d 782, 785, 787 (Ohio 1999); *Shevin v. Pathi,* No. 13-02-20, 2002 WL 1998535, at *2 (Ohio Ct. App. Aug. 30, 2002).

OPERS administers disability and retirement plans for public employees. The System has no control over job performance and employment opportunities for state employees, and Plaintiff cites no case law supporting her claim that OPERS is an "employer" for purposes of the instant suit. Accordingly, Plaintiff's claims against OPERS are dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions **(ECF No. 3, 5)** are **GRANTED** and the case is hereby dismissed without prejudice. Plaintiff may re-file the appropriate action in the Ohio Court of Claims.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   12/5/2005*
**Dan Aaron Polster**
**United States District Judge**